```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
CURTIS MITCHELL,                          :
                                          :
                    Plaintiff,            :
                                          :      05 Civ. 5792 (JSR)
            -v-                           :
                                          :      MEMORANDUM ORDER
DEPARTMENT OF CORRECTION, CITY OF NEW     :
YORK, et. al,                             :
                                          :
                    Defendants.           :
------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-19-08

JED S. RAKOFF, U.S.D.J.

On February 1, 2008, the Honorable Henry Pitman, United States Magistrate Judge, issued a Report and Recommendation (the "Report") in the above-captioned matter, and on February 20, 2008, he issued an amended Report and Recommendation (the "Amended Report").[1] These Reports recommend that the Court grant in part and deny in part defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) or, in the alternative, for summary judgment pursuant to Rule 56. Defendants timely filed objections to the Reports, arguing that the Court should grant the motion in full. Accordingly, the Court has reviewed the motion and the underlying record de novo. Full familiarity with the record is here assumed.

In his typically well-reasoned Reports, the able Magistrate Judge correctly rejected defendants' arguments that plaintiff's

---

[1] The Amended Report altered the original Report in that it specified that it construed plaintiff's procedural due process claim to be asserted against defendant Captain Scollo C. only. Amended Report at 1 n.1.

claims were unexhausted and barred by issue preclusion. He also correctly concluded that plaintiff had failed to establish a claim under § 1983 that random urine testing violated plaintiff's Fourth Amendment rights.

The Magistrate Judge then went on to hold, however, that plaintiff had made out a claim that the procedures utilized in the disciplinary hearing leading to his sixty-day segregation violated his procedural due process rights because he was not afforded an ample opportunity to call witnesses. As defendants note in their objections to the Report and the Amended Report, however, plaintiff's complaint nowhere alleges that he was prevented from calling witnesses, or, for that matter, that there were any deficiencies in his disciplinary hearing. Rather, plaintiff's complaint is directed at the alleged unlawfulness of the urine testing and at the alleged oppressiveness of his punishment. See Verified Complaint ¶¶ II(D), III, V. Plaintiff apparently did raise a claim related to his inability to call witnesses in an Article 78 challenge that he made in state court in 2005, the notice of which is attached to his complaint. See Notice of Motion to Challenge Disciplinary Decisions Pursuant to CPLR 7800, Ex. 1 to Verified Complaint, at 5. But the notice is attached simply to verify his exhaustion of remedies, see Verified Compl., at 5 ("Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your

2

administrative remedies.") Nowhere is the alleged prevention of calling witnesses even remotely mentioned in the Verified Complaint itself; nor, even on the most liberal reading, does plaintiff's complaint indicate any intention to raise such a claim in this Court. The claim is therefore not before the Court.

For the foregoing reasons, the Court, having converted defendants' motion to one for summary judgment (for the reasons Magistrate Judge Pitman explained, see Amended Report at 7-11), grants defendant's motion in its entirety and directs the Clerk to enter judgment dismissing the complaint.

SO ORDERED.

Dated: New York, New York
March 18, 2008

JED S. RAKOFF, U.S.D.J.